[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff wife, 52, whose birth name is DeCarlo, and the defendant husband, 73, on April 20, 1980 in Stamford, Connecticut. The court's jurisdiction is based on the plaintiff's continuous residence in this state for well over one year before the commencement of this action dissolution of marriage and other relief. There are no children of the marriage.
The defendant owned a Texaco station located in Greenwich at the time of this marriage continued to operate it until 1989 when he sold the gas station business for $282,000 plus inventory at cost, receiving $130,000 at closing and a note for $152,000 at 10% interest amortized years at $1,633.40 monthly. He also received $220,000 at $2,812.50 monthly for a non-competition agreement (Plaintiff's Exhibit #17). The defendant thereafter did not carry on any day-to-day business.
The plaintiff has been an L.P.N. since 1966, working an average 28 hours weekly for 14 years at the Nathaniel Witherell Nursing Home in Greenwich, currently at $18.73 hourly. During the early 1980's the plaintiff worked part time at the Texaco station, the amount and nature thereof being contested by the defendant. The plaintiff brought her savings and an auto to the marriage. The defendant, an established businessman, did not want her money. She gave the funds to her parents. After the marriage the parties lived on the defendant's boat moored locally for one year. They then moved to a co-op apartment for six years which they sold in 1987 (Plaintiff's Exhibit #9 and #10). The funds were rolled over into the purchase of 162 Westover Road for CT Page 7551 $487,500., The sale of that parcel is imminent, with a closing scheduled. The net proceeds are expected to be about $300,000. The parties have stipulated to the fair market value of six parcels of real estate which to accepts and has attached same to this memorandum and incorporates it herein.
The defendant provided $330,000 to enable his children to acquire the Long Ridge Sunoco station by taking a margin loan from the Morgan Stanley brokerage account. The defendant has been reducing the loan which is now about $67,000. The net value of the account is about $298,000.
The plaintiff's description of the cause of the marriage breakdown being due to the defendant's volatile nature would have been known to her before the marriage as well as throughout the marriage. There is no indication that the defendant's personality changed during the marriage. The court concludes that some marriages erode over time. This court does accept the plaintiff's subjective reaction to the defendant's gruffness but does not hold him responsible for the breakdown. Hardisty v.Hardisty, 183 Conn. 253, 265.
The plaintiff is in good health.
The defendant has significant health problems. He was hospitalized in 1990 or 1991 stroke. He had prostate surgery in 1993. When he fell off the roof of their home in October, 1996 he was severely injured resulting in a lengthy hospital stay. He now has a shunt in his head to drain fluid from his brain. He suffers from fatigue. He currently has an aneurysm in the aorta artery which requires surgery. This is a statutory element that must be considered.
The court elects not to set forth in detail the acquisition of the various assets since the facts surrounding same are not in dispute.
Having reviewed the evidence in light of the statutory criteria, the court enters judgment dissolving the marriage on the stipulated ground that it has broken down irretrievably, and, as part of the judgment, enters the following orders.
1. The net proceeds of the Westover property sale are awarded to the plaintiff. CT Page 7552
2. The remaining five real estate parcels listed on the stipulation, with a total net equity $1,138,404 are all awarded to the defendant as his sole property. The plaintiff is ordered to execute necessary documents to effect this order.
3. The plaintiff is awarded $180,000 of the securities in the Morgan Stanley brokerage account. The defendant shall be solely responsible for the repayment of the margin loan balance.
4. The remaining assets listed on the plaintiff's financial affidavit with total value of $105,628.72 all shall remain as her sole assets.
5. The defendant's remaining assets listed on his financial affidavit consisting of auto, bank accounts, and the note receivable from Greenwich Automotive Service, Inc. all shall remain as his sole assets.
6. No periodic alimony is awarded.
7. The plaintiff is awarded an allowance to prosecute of $20,000 payable in 60 day.
Counsel for the plaintiff is requested to draft the judgment file.
The court retains jurisdiction to hear the parties on the division of their tangible property if they are unable to complete same by agreement. If neither side seeks the assistance by the time the appeal period expires, then this retention shall also expire.
Harrigan, J.
D.N.: FA 95 0147550 S : SUPERIOR COURT
ELAINE M. LONGO : J.D. OF STAMFORD/NORWALK
V. : AT STAMFORD
PAUL A. LONGO, JR. : MAY 12, 1998
 STIPULATION
The parties hereto stipulate and agree that the real property CT Page 7553 listed below has the following approximate fair market values and mortgage balances, and net equity:
 Fair Current Property Market Value Mortgage Equity Balance
1. 162 Westover Road Stamford, CT[1] $530,000 $197,795 $332,205
2. 1435 N. Endicott Pt. Crystal River, FL 85,000 -0- 85,000
3. Pine Tree Drive Stamford, CT 212, 000 6, 000 206, 000
4. 24 Homestead Road Greenwich, CT 335, 000 -0- 335, 000
5. 10 Tuttle Street, #26 Stamford, CT 49, 000 -0- 49, 000
6. 2770 Summer Street Stamford, CT 1,100,000 173, 193 50% Equity 463, 404
Elaine M. Longo, Plaintiff Paul A. Longo, Jr., Defendent